IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 09-cr-00056-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.    ELIZABETH VEGA,
10.  CARLOS RAMOS-CARRILLO,

    Defendants.

_____

**ORDER**
_____

This matter comes before the Court on the Government's *James* Submission [Docket No. 457], the Government's Supplemental *James* Submission [Docket No. 490], and the Government's Second Supplemental *James* Submission [Docket No. 718]. The Court held *James* hearings on November 4-5, 2010, May 12, 2011, and July 1, 2011.

**A.  The Existence of a Conspiracy and its Membership**

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *United States v. Lewis*, 594 F.3d 1270, 1282 (10th Cir. 2010) (quoting Fed. R. Evid. 801(c)). "Although hearsay statements are generally not admissible at trial, *see* Fed. R. Evid. 802, 'a statement by a coconspirator of a party during the course and in furtherance of the conspiracy' is not hearsay, and is therefore admissible as substantive evidence against the party." *United States v. Hall*, 473 F.3d 1295, 1302-03 (10th Cir.

2007) (quoting Fed. R. Evid. 801(d)(2)(E)). For a statement to be admissible under Fed. R. Evid. 801(d)(2)(E), the district court must first find the following elements by a preponderance of the evidence: "(1) that a conspiracy existed; (2) that the declarant and the defendant were both members of the conspiracy; and (3) that the statements were made in the course of and in furtherance of the conspiracy." *Id.*

Under Tenth Circuit law, the district court makes these factual determinations regarding the admissibility of co-conspirator statements under Fed. R. Evid. 801(d)(2)(E) by using one of two procedures: "(1) it may hold a 'James hearing'" – a preliminary hearing outside the presence of the jury expressly for the purpose of making such determinations, *see generally*, *United States v. James*, 590 F.2d 575 (5th Cir. 1979), or "(2) it may provisionally admit the evidence with the caveat that the evidence must 'connect up' during trial, i.e., that the party offering the evidence must prove the existence of the predicate conspiracy through trial testimony or other evidence." *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995). The Tenth Circuit has expressed its "strong preference for *James* proceedings." *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007)*,* quoting *United States v. Gonzalez–Montoya*, 161 F.3d 643, 648 (10th Cir. 1998). "The reason for this preference is that if the court provisionally admits a statement with the idea that the statement and other evidence will later 'connect up' showing the existence of a predicate conspiracy, there is the risk of undue prejudice if in the end the evidence does not in fact 'connect up.'" *United States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994) (internal citations and quotations omitted). Regardless of which procedure is followed by the district court, the same

facts must be proven by a preponderance of the evidence in order for the statements to be admissible. *Townley*, 472 F.3d at 1273; *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996).

In determining whether a conspiracy exists, "the court may consider the hearsay statement sought to be admitted, along with independent evidence tending to establish the conspiracy." *Lopez-Gutierrez*, 83 F.3d at 1242. The existence of a conspiracy may be "inferred from a unity of purpose or common design and understanding among conspirators to accomplish the objects of the conspiracy." *United States v. Thompson*, 518 F.3d 832, 853 (10th Cir. 2008) (internal quotations and citations omitted). It may also be inferred "from the acts of the parties and other circumstantial evidence indicating concert of action for the accomplishment of a common purpose." *United States v. Scull*, 321 F.3d 1270, 1282 (10th Cir. 2003). However, the inference of an agreement must be more than mere speculation or conjecture. *United States v. Delgado-Uribe*, 363 F.3d 1077, 1083 (10th Cir. 2004). For its preliminary determination under Fed. R. Evid. 801(d)(2)(E), it is not necessary for the government to prove that the conspiracy was for unlawful purposes. *United States v. Martinez*, 825 F.2d 1451, 1452 (10th Cir. 1987).

Evidence showing a defendant's involvement in a conspiracy may include the co-conspirator statements themselves, but there must also be some independent evidence beyond those statements that links the defendant to the conspiracy. *See Lopez-Gutierrez*, 83 F.3d at 1242. The independent evidence may be sufficient even if it is not substantial. *Id*. While "mere presence at the crime scene is not sufficient in

and of itself" to establish a defendant's involvement in a conspiracy, it is "a material and probative factor which the jury may consider." *United States v. Savaiano*, 843 F.2d 1280, 1294 (10th Cir. 1988). It may be presumed "that a defendant acting in furtherance of a conspiracy is a knowing participant therein." *United States v. Delgado-Uribe*, 363 F.3d 1077, 1083 (10th Cir. 2004). "[A] conspiracy, once instituted, continues to exist until it is abandoned, succeeds, or is otherwise terminated by some affirmative act, such as withdrawal by the defendant." *United States v. Russell*, 963 F.2d 1320, 1322 (10th Cir. 1992).

Statements by a conspirator are in furtherance of the conspiracy when they are "intended to promote the conspiratorial objectives." *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007), quoting *United States v. Reyes*, 798 F.2d 380, 384 (10th Cir. 1986). Promotion may occur through "statements that explain events of importance to the conspiracy in order to facilitate its operation, statements between coconspirators which provide reassurance, which serve to maintain trust and cohesiveness among them, or which inform each other of the current status of the conspiracy, and statements of a coconspirator identifying a fellow coconspirator." *Townley*, 472 F.3d at 1273 (internal citations omitted). They may also include statements which identify the defendant as "a member of the conspiracy, and describ[e] his function in assisting the organization in avoiding detection by law enforcement." *United States v. Williamson*, 53 F.3d 1500, 1520 (10th Cir. 1995). "A court may conclude that the statements are in furtherance of a conspiracy even though the statements are susceptible of alternative interpretations." *United States v. Marin*, 7

F.3d 679, 690 (7th Cir. 1993). "[P]revious statements made by co-conspirators are admissible against a defendant who subsequently joins the conspiracy." *United States v. Brown*, 943 F.2d 1246, 1255 (10th Cir. 1991).

"[I]n deciding whether the offering party has satisfied its burden at a *James* hearing, the district court has the discretion to consider any evidence not subject to a privilege, including both the coconspirator statements the government seeks to introduce at trial and any other hearsay evidence, whether or not that evidence would be admissible at trial." *United States v. Owens*, 70 F.3d 1118, 1124 (10th Cir.1995). "The co-conspirator hearsay exception contains no requirement that the declarant be a defendant, only that she be a member of the conspiracy." *Champagne Metals v. Ken-Mac Metals, Inc.*, 458 F.3d 1073, 1081 n. 5 (10th Cir. 2006) (internal citations omitted). "[T]here is no requirement that a district court make findings on the record *before* the nonhearsay is admitted. The court must only resolve the preliminary Rule 801 questions and 'be satisfied that the statement actually falls within the definition of the Rule.'" *United States v. Merrick*, 299 F. App'x 820, 823 (10th Cir. 2008), quoting *Bourjaily v. United States*, 483 U.S. 171, 185 (1987) (emphasis in original).

Based upon the government's *James* submissions, the defendants' exhibits, and the testimony at the November 4, 2010 hearing, the Court makes the following findings by a preponderance of the evidence:

    1.    The government has shown that a conspiracy to distribute methamphetamine and cocaine did exist and that such conspiracy operated between at least September 30, 2007 and January 2009.

2.  The government has shown, and the Court finds, that the conspiracy included the following members:[1]

    a.  Jose Garcia-Sanchez and Kelvin Duran since September 30, 2007;

    b.  Anthony Rodriguez since November 2007;

    c.  German Martinez-Reyes since December 2007;

    d.  Elizabeth Vega since mid-December 2007;

    e.  Francisco Ramirez-Soto, Juan Serrano-Mendez, Guillermo Hernandez, and Jaime Lopez since late December 2007;

    f.  Erick Medina-Cardona since January 2008;

    g.  Carlos Ramos-Carrillo and Jose Ramirez-Lopez since February 13, 2008.

The existence of the conspiracy and the defendants' membership in the conspiracy was shown by the testimony of Officer Prince at the James hearing and by corroboration from traffic stops and surveillance – independent of the statements themselves.

Defendant Vega denies being a member of the conspiracy. However, Ms. Vega knew that Juan Garcia-Sanchez, with whom she was living, was a drug dealer, *see* Exh. A (Vega interview memo dated 3-3-09), at 3. Since mid-December 2007, intercepted telephone calls show that Vega played an active (although not a major) role in assisting

---

[1] The following defendants have entered guilty pleas wherein they have admitted their participation in crimes that occurred during the conspiracy: Jose Garcia-Sanchez pled guilty to Count 1, the conspiracy count; Anthony Rodriguez pled guilty to facilitating a narcotics transaction during the time of the conspiracy; Juan Serrano-Mendez pled guilty to distributing methamphetamine and cocaine during the conspiracy; Kelvin Duran pled guilty to concealment of the drug trafficking conspiracy in violation of 18 U.S.C. § 4; Jaime Lopez pled guilty to distribution of narcotics during the conspiracy; Erick Medina-Cardona pled guilty to distributing narcotics during the conspiracy; and Guillermo Hernandez pled guilty to possession with intent to distribute methamphetamine during the conspiracy.

Garcia-Sanchez distribute drugs.  *See* Exhs. 37-1, 37-2, 37-4.  Moreover, she admitted to law enforcement on March 3, 2009 that she provided money to Garcia-Sanchez three or four times to facilitate Garcia-Sanchez's purchase of narcotics.  Exh. A at 4.  Vega, who knew that Garcia-Sanchez had no legitimate employment, also played a role in sending proceeds of the conspiracy to Honduras in the form of cash and automobiles.   Once Garcia-Sanchez was arrested in March 2008, Vega's role in the drug distribution aspect of the conspiracy increased.

Defendant Carlos Ramos-Carrillo also denies being a member of the conspiracy.  However, the evidence shows that Ramos-Carrillo was the apartment manager at the so-called "stash house" at 1384 Jamaica Street.  Ramos-Carrillo knowingly provided apartments for members of the conspiracy to store narcotics and firearms and also conducted surveillance on behalf of conspirators.

**B. Preliminary Determination of Admissibility Under Fed. R. Evid. 801(d)(2)(E)**

The Court finds that the following statements were made during the conspiracy and in furtherance of the conspiracy (except where indicated):

1.    Exhibit 1

| Exhibit Number | Statements of |
|---|---|
| 1-1, 1-3, 1-4, 1-6, 1-7, 1-8, 1-10, 1-11, 1-12 | Garcia-Sanchez |
| 1-2 | Duran |
| 1-5 | (duplicate of 1-4) |
| 1-9 | Anthony Rodriguez |

2. Exhibit 2

| Exhibit Number | Statements of |
|---|---|
| 2-1, 2-3, 2-5 | Garcia-Sanchez |
| 2-2, 2-4 | Anthony Rodriguez |

3. Exhibit 3

| Exhibit Number | Statements of |
|---|---|
| 3-1, 3-2, 3-3, 3-4, 3-6, 3-7 | Garcia-Sanchez and German Martinez-Reyes |
| 3-5 | Garcia-Sanchez and Ramirez-Soto |

4. Exhibit 4

| Exhibit Number | Statements of |
|---|---|
| 4-1, 4-2, 4-3, 4-4, 4-5, 4-6, 4-8, 4-9 | Garcia-Sanchez and Jaime Lopez |
| 4-7 | Garcia-Sanchez |

5. Exhibit 5

| Exhibit Number | Statements of |
|---|---|
| 5-1, 5-2, 5-3, 5-4 | Garcia-Sanchez |
| 5-5, 5-6, 5-7, 5-8, 5-10 | Garcia-Sanchez and Ramirez-Soto |
| 5-9 | Garcia-Sanchez and Serrano-Mendez |

6. Exhibit 6

| Exhibit Number | Statements of |
|---|---|
| 6-1, 6-3 | Garcia-Sanchez |
| 6-2, 6-4 | Garcia-Sanchez and Serrano-Mendez |

7. Exhibit 7

| Exhibit Number | Statements of |
|---|---|
| 7-1, 7-2, 7-3, 7-4 | Serrano-Mendez |

8. Exhibit 8

| Exhibit Number | Statements of |
|---|---|
| 8-1, 8-2, 8-4, 8-5 | Serrano-Mendez |
| 8-3 | Serrano-Mendez and Garcia-Sanchez |

9. Exhibit 9

| Exhibit Number | Statements of |
|---|---|
| 9-1, 9-2, 9-4, 9-5 | Serrano-Mendez |
| 9-3 | Duplicate of 8-3 |

10. Exhibit 10

| Exhibit Number | Statements of |
|---|---|
| 10-1, 10-2, 10-3, 10-4, 10-5, 10-7, 10-10, 10-11, 10-12, 10-14, 10-15, 10-16, 10-19, 10-21 | Serrano-Mendez |
| 10-6 | This exhibit consists of a Dec. 27, 2007 call between Garcia-Sanchez and Ramirez-Soto which has no apparent connection to the conspiracy and is excluded as not in furtherance of the conspiracy. |
| 10-8, 10-13, 10-17 | Serrano-Mendez and Garcia-Sanchez |
| 10-9 | This exhibit (call #1302) consists of a February 16, 2008 conversation among Garcia-Sanchez, Medina-Cardona, and "Chara" that does not match the description contained in Exh. 10.  Not admitted. |

| | |
|---|---|
| 10-18 | This exhibit consists of a February 17, 2008 conversation (call #1451) between Garcia-Sanchez and Juan LNU; it does not match the description in Exhibit 10.  Not admitted. |
| 10-20 | This exhibit (T12-D001557-58) contains no transcript or description of a call. |

11.  Exhibit 11

| Exhibit Number | Statements of |
|---|---|
| 11-1, 11-3, 11-4 | Serrano-Mendez |
| 11-2, 11-5 | Serrano-Mendez and Garcia-Sanchez |

12.  Exhibit 12

| Exhibit Number | Statements of |
|---|---|
| 12-1, 12-3, 12-4 | Garcia-Sanchez |
| 12-2, 12-5 | Garcia-Sanchez and Serrano-Mendez |

13.  Exhibit 13

| Exhibit Number | Statements of |
|---|---|
| 13-1, 13-2, 13-4, 13-5, 13-6, 13-7 | A. Rodriguez and Jaime Lopez |
| 13-3, 13-8 | Jaime Lopez |

14.  Exhibit 14

| Exhibit Number | Statements of |
|---|---|
| 14-1 | Garcia-Sanchez and Jaime Lopez<br>Note: Exhibit 14 inaccurately describes this exhibit as a conversation between Garcia-Sanchez and Guero LNU. |
| 14-2, 14-6 | Garcia-Sanchez and Serrano-Mendez |
| 14-3 | Garcia-Sanchez and Medina-Cardona |

| | |
|---|---|
| 14-4, 14-5 | Garcia-Sanchez |

15.  Exhibit 15

| Exhibit Number | Statements of |
|---|---|
| 15-1, 15-3 | Garcia-Sanchez |
| 15-2, 15-4, 15-5, 15-6 | Garcia-Sanchez and Serrano-Mendez |

16.  Exhibit 16

| Exhibit Number | Statements of |
|---|---|
| 16-1, 16-2, 16-3, 16-4 | Serrano-Mendez |

17.  Exhibit 17

| Exhibit Number | Statements of |
|---|---|
| 17-1, 17-3, 17-4 | Garcia-Sanchez |
| 17-2, 17-5 | Garcia-Sanchez and Vega |

18.  Exhibit 18

| Exhibit Number | Statements of |
|---|---|
| 18-1, 18-2, 18-3, 18-4 | Ramirez-Soto |

19.  Exhibit 19

| Exhibit Number | Statements of |
|---|---|
| 19-1, 19-2A, 19-3, 19-4, 19-5, 19-6, 19-10 | Serrano-Mendez |
| 19-2 | This call (#1607) does not match the description in Exhibit 19.  Not admitted. |

| 19-7, 19-9 | Serrano Mendez and Medina-Cardona |
| --- | --- |
| 19-8 | Serrano-Mendez and Garcia-Sanchez |
| 19-11, 19-12 | Garcia-Sanchez and Guillermo Hernandez |

20. Exhibit 20

| Exhibit Number | Statements of |
| --- | --- |
| 20-1, 20-2 | Ramirez-Soto |

21. Exhibit 21

| Exhibit Number | Statements of |
| --- | --- |
| 21-1, 21-7, 21-8 | Garcia-Sanchez and Vega |
| 21-2 | Garcia-Sanchez |
| 21-3, 21-5 | Garcia-Sanchez and Medina-Cardona |
| 21-4 | Garcia-Sanchez and Ramos-Carrillo |
| 21-6 | Garcia-Sanchez and Serrano-Mendez |

22. Exhibit 22

| Exhibit Number | Statements of |
| --- | --- |
| 22-1, 22-2, 22-3, 22-8 | Serrano-Mendez |
| 22-4 | Not admissible under Rule 801(d)(2)(E) since not a statement of a co-conspirator. |
| 22-5 | Garcia-Sanchez and Serrano-Mendez |
| 22-6 | Garcia-Sanchez, Serrano-Mendez and Medina-Cardona |
| 22-7 | Garcia-Sanchez and Medina-Cardona |
| 22-9 | Garcia-Sanchez and Vega |
| 22-10 | Garcia-Sanchez |

23. Exhibit 23

| Exhibit Number | Statements of |
|---|---|
| 23-1, 23-3 | Serrano-Mendez |
| 23-2 | Serrano-Mendez and Medina-Cardona |

24. Exhibit 24

| Exhibit Number | Statements of |
|---|---|
| 24-1, 24-3, 24-5, 24-7, 24-10, 24-11, 24-13 | Garcia-Sanchez and Medina-Cardona |
| 24-2, 24-9 | Garcia-Sanchez and Serrano-Mendez |
| 24-4, 24-6, 24-14, 24-15 | Garcia-Sanchez and Guillermo Hernandez |
| 24-8 | (Withdrawn by government) |
| 24-12 | Garcia-Sanchez and Ramos-Carrillo |
| 24-16, 24-17 | Garcia-Sanchez |

25. Exhibit 25

| Exhibit Number | Statements of |
|---|---|
| 25-1, 25-3, 25-7 | Garcia-Sanchez |
| 25-2, 25-4, 25-8 | Garcia-Sanchez and Guillermo Hernandez |
| 25-5, 25-6 | Garcia-Sanchez and Medina-Cardona |

26. Exhibit 26

| Exhibit Number | Statements of |
|---|---|
| 26-1, 26-3, 26-10 | Garcia-Sanchez and Medina-Cardona |
| 26-2 | Garcia-Sanchez and Vega |
| 26-4, 26-8 | Ramirez-Lopez and Medina-Cardona |

| | |
|---|---|
| 26-5 | Garcia-Sanchez |
| 26-7, 26-9 | Ramirez-Lopez |
| 26-6, 26-11 | Garcia-Sanchez and Ramirez-Lopez |
| 26-12 | Medina-Cardona and Ramirez-Lopez |

27. Exhibit 27

| Exhibit Number | Statements of |
|---|---|
| 27-1 | Garcia-Sanchez and Vega |
| 27-2, 27-3 | Garcia-Sanchez |

28. Exhibit 28

| Exhibit Number | Statements of |
|---|---|
| 28-1, 28-2 | Garcia-Sanchez |
| 28-3 | Garcia-Sanchez and Guillermo Hernandez |

29. Exhibit 29

| Exhibit Number | Statements of |
|---|---|
| 29-1, 29-2, 29-3, 29-5, 29-6 | Garcia-Sanchez |
| 29-4 | Garcia-Sanchez and Vega |
| 29-7, 29-9, 29-10, 29-11 | Garcia-Sanchez and Ramos-Carrillo |
| 29-8 | This exhibit (call #2781) does not match description in Exh. 29 and does not involve co-conspirators or any conversation in apparent furtherance of conspiracy.  Not admitted. |

30. Exhibit 30

| Exhibit Number | Statements of |
|---|---|
| 30-1, 30-2, 30-3, 30-7 | Garcia-Sanchez |
| 30-4 | Garcia-Sanchez and Guillermo Hernandez |
| 30-5, 30-6, 30-8, 30-10, 30-13 | Garcia-Sanchez and Vega |
| 30-9 | Garcia-Sanchez and Ramos-Carrillo |
| 30-11, 30-12 | Guillermo Hernandez and Vega |

31. Exhibit 31

| Exhibit Number | Statements of |
|---|---|
| 31-1, 31-3, 31-4 | Garcia-Sanchez |
| 31-2 | Garcia-Sanchez and Vega |

32. Exhibit 32

| Exhibit Number | Statements of |
|---|---|
| 32-1, 32-2, 32-3, 32-4, 32-5, 32-6, 32-7, 32-8, 32-9, 32-10, 32-11, 32-12, 32-13, 32-14, 32-15, 32-16, 32-17, 32-18, 32-19, 32-20, 32-21, 32-22 | Ramirez-Soto |
| 32-23 | This exhibit (call #1903) does not contain statements in furtherance of the conspiracy. Not admitted. |
| 32-24 | Excluded as not involving co-conspirator statements and not being in furtherance of the conspiracy. |

33. Exhibit 33

| Exhibit Number | Statements of |
|---|---|
| 33-1, 33-2, 33-3, 33-5, 33-10, 33-17, 33-19 | Vega |
| 33-4, 33-9, 33-15, 33-16, 33-22, 33-24, 33-25, 33-26 | Vega and Guillermo Hernandez |
| 33-6, 33-7, 33-11, 33-12, 33-13, 33-18, 33-20, 33-21, 33-27 | Vega and Garcia-Sanchez |
| 33-8 | Vega, Medina-Cardona, and Ramos-Carrillo |
| 33-14 | Vega and Medina-Cardona |
| 33-23 | Vega, Guillermo Hernandez, and Garcia-Sanchez |

34. Exhibit 34

| Exhibit Number | Statements of |
|---|---|
| 34-1, 34-2 | Garcia-Sanchez |
| 34-3 | Garcia-Sanchez and Ramirez-Lopez |
| 34-4 | Garcia-Sanchez and A. Rodriguez |
| 34-5 | No exhibit in exhibit notebook. |

35. Exhibit 35

| Exhibit Number | Statements of |
|---|---|
| 35-1 | Garcia-Sanchez and Kelvin Duran |
| 35-2, 35-7, 35-36, 35-37, 35-38 | Garcia-Sanchez and Guillermo Hernandez |
| 35-3 | Kelvin Duran |

| | |
|---|---|
| 35-4, 35-5, 35-8, 35-9, 35-11, 35-22, 35-28, 35-33, 35-42 | Garcia-Sanchez |
| 35-6, 35-15, 35-17, 35-19, 35-20, 35-23, 35-24, 35-27, 35-29, 35-31, 35-32, 35-35, 35-48, 35-49, 35-53 | Garcia-Sanchez and Medina-Cardona |
| 35-10, 35-14, 35-16, 35-18, 35-21, 35-25, 35-30, 35-34 | Garcia-Sanchez and Ramirez-Lopez |
| 35-12, 35-13, 35-26, 35-40, 35-41, 35-43 | Garcia-Sanchez and Ramos-Carrillo |
| 35-39 | Garcia-Sanchez and Serrano-Mendez |
| 35-44, 35-45 | Vega |
| 35-46 | Vega, Hernandez, and Garcia-Sanchez |
| 35-47, 35-50, 35-51, 35-52, 35-54, 35-55, 35-56, 35-57, 35-58 | Garcia-Sanchez and Anthony Rodriguez |

36. Exhibit 36

| **Exhibit Number** | **Statements of** |
|---|---|
| 36 | Duran |

37. Exhibit 37

| **Exhibit Number** | **Statements of** |
|---|---|
| 37-1, 37-2 | Vega and Garcia-Sanchez |
| 37-3 | Garcia-Sanchez and Jaime Lopez |
| 37-4, 37-5, 37-6, 37-7, 37-8 | Garcia-Sanchez and Vega |

38. Exhibit 38

| **Exhibit Number** | **Statements of** |
|---|---|
| Statement 1 | Garcia-Sanchez |

39. Exhibit 39

| **Exhibit Number** | **Statements of** |
|---|---|
| Statement 1, Statement 2 | Garcia-Sanchez |
| Statement 3 | Vega |

DATED July 26, 2011.

                        BY THE COURT:

                        s/Philip A. Brimmer
                        PHILIP A. BRIMMER
                        United States District Judge