IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 09-cr-00056-PAB-2

UNITED STATES OF AMERICA,

     Plaintiff,

v.

2.  ELIZABETH VEGA,

     Defendant.

---

## ORDER

---

This matter comes before the Court on the Government's Motion for Sentence Reduction Pursuant to Fed.R.Crim.P. 35(b) [Docket No. 1025], wherein the United States requests that defendant Elizabeth Vega's sentence in this matter be reduced pursuant to Fed. R. Crim. P. 35(b) due to substantial assistance. The Court also takes up Ms. Vega's pro se Motion for Sentence Reduction Pursuant to Rule 35(b) [Docket No. 1050], where Ms. Vega makes essentially the same request.[1] Rule 35(b) of the Federal Rules of Criminal Procedure governs "motions made more than one year after sentencing." More specifically, the government relies on Rule 35(b)(2)(B), which gives the Court authority to reduce a defendant's sentence based on substantial assistance if such assistance involves "information provided by the defendant to the government

---

[1] In light of plaintiff's pro se status, the Court construes her filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

within one year of sentencing, but which did not become useful to the government until more than one year after sentencing."

Ms. Vega was sentenced on December 2, 2011 and the government's motion was filed on May 30, 2013.  Ms. Vega first provided the information at issue to the United States on October 26, 2012, within one year of her sentencing.  Docket No. 1025 at 2.  The information pertained to certain defendants in another case who were set for trial on December 10, 2012.  When Ms. Vega's statement to the United States was produced in discovery in that case, the defendants resumed plea negotiations and eventually pled guilty.  The government believes that Ms. Vega's information played a substantial role in obtaining dispositions against those defendants.  Docket No. 1074 at 3.  The United States thought that Ms. Vega may be needed for sentencing in those matters, but concluded otherwise about the time that its motion here was filed.  Docket No. 1025 at 3.  The government's motion acknowledges that the "information provided by the defendant was useful both before and after that one year mark [i.e. December 2, 2012]."  *Id*. at 4.

On October 28, 2014, the Tenth Circuit Court of Appeals issued an opinion in *United States v. Baker*, 769 F.3d 1196 (10th Cir. 2014), which dealt with a situation similar to Ms. Vega's.  The Court allowed both sides to submit briefs in light of *Baker*. Docket No. 1067.  In its brief, the United States concludes that, in light of *Baker*, there is no authority supporting the government's motion.  Docket No. 1074 at 4-5.  Similarly, in her brief, Ms. Vega agrees that the Court lacks authority to reduce Ms. Vega's sentence pursuant to Rule 35(b).  Docket No. 1081 at 2.

Rule 35(b)(2)(B) refers to information that "did not become" useful until more than one year after sentencing.  Ms. Vega's information was useful to the government as soon as it was provided and helped the United States negotiate a plea agreement with the defendants in another case.  Thus, Ms. Vega's information "did become" useful to the government within one year and therefore falls outside of the scope of Rule 35(b)(2)(B).  "Rule 35(b)(2)(B)'s language--'did not become useful to the government until more than one year after sentencing'--does not include information that was useful both before and after the one-year mark." *Baker*, 769 F.3d at 1199.  The United States has not identified any other rule or statute authorizing the Court to modify Ms. Vega's sentence.  The Court determines that it has no jurisdiction to modify Ms. Vega's sentence and therefore the government's motion must be denied.  "A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citing *United States v. Caterino*, 29 F.3d 1390, 1394 (9th Cir.1994)).  As the court noted in *Baker*, although the result is unfortunate for someone who provided assistance that the government believed merited a sentence reduction, "because Rule 35(b)(2)(B)'s requirements are jurisdictional, the district court has no power now to reduce [defendant's] sentence." 769 F.3d at 1202.

Wherefore, it is

**ORDERED** that the Government's Motion for Sentence Reduction Pursuant to Fed.R.Crim.P. 35(b) [Docket No. 1025] is DENIED.  It is further

**ORDERED** that defendant Elizabeth Vega's Motion for a Sentence Reduction Pursuant to Rule 35(b) [Docket No. 1050] is DENIED.

DATED April 27, 2015.

BY THE COURT:

_s/Philip A. Brimmer_____
PHILIP A. BRIMMER
United States District Judge

4